IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FILED
2010 APR 26 PM 3: 54

LESLIE RODRIGUEZ,   CASE NO. 6:10-cv-646-ORL-35DAB

    Plaintiff,

vs.

ZURICH AMERICAN
INSURANCE COMPANY,

    Defendant.

_____/

## ZURICH AMERICAN INSURANCE COMPANY'S NOTICE OF REMOVAL

Defendant, ZURICH AMERICAN INSURANCE COMPANY ["Zurich"], by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1441 and 1446, and M.D.Fla.L.R.4.02, presents this Notice of Removal of the above-cause from the Circuit Court of the Eighteenth Judicial District, in and for Brevard County, to the United States District Court for the Middle District of Florida, Orlando Division, and respectfully states:

*Case No.:*
*Zurich's Notice of Removal*

1. On or about May 14, 2009, the Plaintiff, LESLIE RODRIGUEZ ["Plaintiff"], commenced the above-captioned action against Zurich, in the Circuit Court of the Eighteenth Judicial District, in and for Brevard County Florida, Case No. 09 CA 31403, styled *Leslie Rodriguez v. Zurich American Insurance Company* [hereinafter, "Complaint"]. A true, accurate, and complete copy of all process, pleadings, and orders on file in the State Court is attached hereto as composite Exhibit "1" in compliance with the mandates of 28 U.S.C. § 1446 and M.D.Fla.L.R.4.02.

2. The Complaint asserts a cause of action for declaratory relief action against Zurich claiming that Plaintiff is entitled to have Defendant provide her with uninsured motorists benefits ["UM"], under the Policy issued by Zurich to Tommy Hilfiger for the damages she suffered in a May 1, 2007 automobile collision. [Compl. ¶ 11, (Ex. "1").]

3. Plaintiff alleges that according to the plain meaning and terms of the Policy that she is an "employee," who would be insured for liability coverage arising out of an automobile collision while operating a vehicle not owned, hired or borrowed in the business of Tommy Hilfiger. [Compl.¶ 9].

*Case No.:*
*Zurich's Notice of Removal*

4. The Plaintiff has filed a one-count complaint against Zurich seeking the following relief:

> (a) a declaration that she is entitled to coverage under the uninsured motorist portion of the policy issued to her employer, Tommy Hilfiger, (b) a declaration that in the event the court rules there is coverage, she would be entitled, if necessary, to file a subsequent action for damages, and (c) a declaration that Plaintiff is entitled to reasonable attorney's fees, legal assistance fees, and costs as a result of prosecuting this action, for declaratory relief. [Compl. ¶ 13].

5. The Chief Financial Officer of the State of Florida, as the statutory agent pursuant to Florida law for Zurich received a copy of the Summons and Complaint on May 19, 2009. Thereafter, the Chief Financial Officer forwarded by electronic delivery the Summons and Complaint to the designated agent of Zurich on May 20th, 2009. *See* Compl.[Ex. "1"].

6. According to 28 U.S.C. § 1446(b), the defendant must file in the district court a notice of removal within thirty days of receipt of the first pleading in the state action that sets forth a removable claim. Removal must be effected within one year after the case is filed in state court. Where it is

*Case No.:*
*Zurich's Notice of Removal*

uncertain if a case can be removed based on the initial complaint, the thirty-day period is measured from the point at which the defendant had notice that the action is removable. *Huffman v. Saul Holdings Ltd. Partnership*, 194 F.3d 1072, 1077 (10th Cir. 1999). The thirty-day removal period would not begin on receipt of the state court complaint. *Id.*

7. Zurich's Notice of Removal is timely filed under 28 U.S.C. § 1446(b), because it is being removed within thirty days from learning that the action is removable and within one year of the commencement of this action (May 14, 2009). *See* Aff. of Douglas M. McIntosh, Esq. (attached as Ex. "2").

8. According to 28 U.S.C. § 1332, the district courts shall have original jurisdiction of all civil actions, based upon diversity jurisdiction, where the matter in controversy exceeds the sum or value of $75,000, exclusive of costs and interests, and is between citizens of different states.

9. Diversity requires the plaintiff to be diverse from every defendant. *See Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1355 (11th Cir. 1996).

10. The Plaintiff is and was at the commencement of this action an individual residing in the State of Florida. Compl. ¶ 5 [Ex. "1"].

4

*Case No.:*
*Zurich's Notice of Removal*

11. Zurich is a New York corporation with a statutory home office located at One Liberty Plaza, 165 Broadway, 53rd Floor, New York, New York 10006.

12. The Complaint alleges that "Defendant, Zurich, is a corporate insurance company licensed to do business in the State of Florida." Compl. ¶ 2 [Ex. "1"].

13. A corporate party is deemed a citizen of the state of its incorporation and/or the state of its principal place of business. *See* 28 U.S.C. § 1332(c)(1). The principal place of business is either where the substantial predominance of corporate activity occurs or where the majority of executive and administrative operations occur. *Bel-Bel Int'l Corp. v. Cnty. Bank of Homestead*, 162 F.3d 1101, 1106 (11th Cir. 1998); *Jones v. Honeywell Int'l., Inc.*, 385 F.Supp.2d 1268, 1272 (M.D. Fla. 2005). In order to find a more uniform statutory interpretation of the phrase "principal place of business," the U.S. Supreme Court recently adopted the "nerve center" test. *Hertz Corp v. Friend*, 130 S. Ct. 1181, 1192-93 (U.S. 2010). This is where the corporation's officers direct, control, and coordinate the corporation's activities, not simply

*Case No.:*
*Zurich's Notice of Removal*

an office where the corporation holds its board meetings. *Id.* As such, Zurich (a corporate party) is deemed to be a citizen of New York where it is incorporated, and where the substantial predominance of corporate activity takes place.

14. Here, the Plaintiff is diverse from Zurich.

15. Plaintiff has refused to disclose the amount in controversy on the record and in discovery, despite clear precedent authorizing such discovery. *See, Hartford Ins. Group v. Lou-Con, Inc.*, 293 F.3d 908 (5th Cir. 2002); *Del Rio v. Scottsdale Ins. Co.*, 2005 WL 3093434, 2 (M.D. Fla. 2005); *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536 (7th Cir. 2006); *Huffman v. Saul Holdings Ltd. Partnership*, 194 F.3d 1072 (10th Cir. 1999); *Chapman v. Powermatic, Inc.*, 969 F.2d 160 (5th Cir. 1992). Since the court's ruling below on this issue is error, but is not appealable within the time limit for removal within one year of commencement, record evidence of the amount in controversy was sought from the Plaintiff's worker's compensation proceedings. The certified copies of the Workers' Compensation proceedings OJCC Case No. 07-025892WJC were filed of record on April 23, 2010.

*Case No.:*
*Zurich's Notice of Removal*

Defendant proffers the Affidavit (Ex. "2") as evidence that the amount in controversy exceeds $75,000, which was just confirmed on receipt of the certified copies of Plaintiff's underlying workers' compensation claim.

16. Brevard County is within the territorial jurisdiction limits of this Court under 28 U.S.C. § 89(b)(3).

17. Pursuant to 28 U.S.C. 1446(d), a copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida, on this date, and is being served on all parties of this lawsuit on this day.

18. Zurich, by virtue of filing this Notice of Removal, does not waive any defenses or objections available to it under the law.

**WHEREFORE**, the Defendant, ZURICH AMERICAN INSURANCE COMPANY, respectfully requests that this action pending in the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida be removed to the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

Dated: April 26, 2010

*Case No.:*
*Zurich's Notice of Removal*

Respectfully submitted,

By: _____/s/_____ for

DOUGLAS M. MCINTOSH
Florida Bar No.: 325597
dmcintosh@mspcesq.com
CRYSTAL L. AROCHA
Florida Bar No.: 0749281
carocha@mspcesq.com
Attorneys for Zurich American Ins. Co.
McIntosh, Sawran, Peltz & Cartaya, P.A.
1776 East Sunrise Blvd.
P.O. Box 7990
Fort Lauderdale, FL 33338-7990
Telephone: (954) 765-1001
Facsimile: (954) 765-1005

*Case No.:*
*Zurich's Notice of Removal*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via regular mail upon: Charles R. Steinberg, Esquire, Charles R. Steinberg, P.A., 640 Brevard Avenue Suite 106, Cocoa, FL 32922-7849, on this 26th day of April, 2010.

McIntosh, Sawran, Peltz & Cartaya, P.A.
1776 East Sunrise Blvd.
P.O. Box 7990
Fort Lauderdale, FL 33338-7990
Telephone:(954) 765-1001
Facsimile: (954) 765-1005

By: _____ for
DOUGLAS M. MCINTOSH
Florida Bar No: 325597
dmcintosh@mspcesq.com
CRYSTAL L. AROCHA
Florida Bar No: 0749281
carocha@mspcesq.com